UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. LUCAS, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-0419 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 2, 6). Plaintiff has also filed motions for the appointment of counsel and for the appointment of an interpreter. (See ECF No. 3). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, the court shall grant plaintiff's request to proceed in forma pauperis and dismiss the complaint with leave to amend. It shall also deny plaintiff's requests for the appointment of counsel and for the appointment of an interpreter as premature.

**I.      IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF Nos. 2, 6). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

1 accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

**III.     PLAINTIFF'S COMPLAINT**

A review of plaintiff's complaint clearly indicates that it is incomplete. As a result, the court is unable to determine whether plaintiff has exhausted all his administrative remedies as required by statute. <u>See</u> 42 U.S.C. § 1997e(a).

In the complaint, plaintiff states that there is a grievance procedure available where he is housed. (<u>See</u> ECF No. 1 at 2). However, plaintiff fails to respond to the subsequent questions related to whether he has filed grievances with the prison that are related to the complaint and whether he has completed the grievance process. (<u>See</u> <u>id.</u> at 2).

Plaintiff is required to exhaust all administrative remedies provided by the prison prior to filing an action in this court. <u>See</u> 42 U.S.C. § 1997e(a); <u>Albino v. Baca</u>, 747 F.3d 1162, 1171 (9th Cir. 2014) (citation omitted) ("The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983."). Because it is not clear in the pleading that he has done so, the court may not proceed with review of this action. However, instead of dismissing the matter, the court shall provide plaintiff with an opportunity to amend the complaint. The amended complaint shall be fully completed, and in it, plaintiff shall inform the court whether he has exhausted his administrative remedies.

**IV.     MOTIONS FOR THE APPOINTMENT OF COUNSEL AND FOR THE APPOINTMENT OF AN INTERPRETER**

Because it is unclear whether plaintiff has exhausted his administrative remedies, there remains the possibility that this court may not have jurisdiction to review plaintiff's complaint. This being the case, plaintiff's motions for the appointment of counsel and for the appointment of an interpreter (<u>see</u> ECF No. 3) are premature. Therefore, the court shall deny them as such.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff a copy of the court's civil rights complaint form;

2. Plaintiff's motion to proceed in forma pauperis, filed March 7, 2019 (ECF No. 2), is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's complaint, filed March 7, 2019 (ECF No. 1), is DISMISSED with leave to amend;

5. Within thirty days of the date of service of this order, plaintiff shall file a first amended complaint;

6. Plaintiff shall fully respond to all questions on the complaint form sent to him, including those related to the exhaustion of his administrative remedies. Failure to file an amended complaint as directed within the time allotted may result in the dismissal of this action for failure to prosecute, and

7. Plaintiff's motions for the appointment of counsel and for the appointment of an interpreter, filed March 7, 2019 (ECF No. 3), are DENIED as premature.

Dated: July 11, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/ruiz0419.scrn.exh.unclear

4