UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>A. LUCAS, et al.,<br><br>                    Defendants. | No.  2:19-cv-0419 MCE DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims an unidentified officer failed to give him a meal, he was attacked, and officers improperly cancelled his administrative grievance.  Presently before the court is plaintiff's first amended complaint for screening.  (ECF No. 12.)  For the reasons set forth below, the court will dismiss the complaint with leave to amend.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

II.     **Allegations in the Amended Complaint**

Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at Kern Valley State Prison ("KVSP"). (ECF No. 12 at 1.) Plaintiff has identified the following defendants: (1) A. Lucas, appeals coordinator at KVSP; (2) an unknown female correctional officer at KVSP; and (3) C. Anderson, appeals coordinator at KVSP. (Id. at 2.)

On November 11, 2017, the "woman [correctional officer] who don't show identification" walked by plaintiff's door and did not give plaintiff his breakfast. (ECF No. 12 at 4.) He claims that because she did not give plaintiff his breakfast, she retaliated against him. She further told plaintiff he was a "rat piece of shit." Plaintiff later asked officer J. Orozco for his breakfast and Orozco assaulted plaintiff. Plaintiff also states that the female correctional officer violated the California Department of Corrections and Rehabilitation ("CDCR") rules by failing to show her identification.

Plaintiff alleges that he submitted a staff complaint against Lucas because he did not give plaintiff the name of a female correctional officer. (Id. at 3.) Plaintiff sought the identity of the unidentified female correctional officer who failed to give him his breakfast on November 11, 2017. Plaintiff submitted a form 22 seeking the identity of the female officer and it was not answered. Plaintiff alleges Lucas cancelled his staff complaint because he believed it was a

duplicate. However, plaintiff explained that his appeal was based on a different issue.

On January 8, 2018, plaintiff submitted a staff complaint requesting the identification of the female officer. "They" later determined the appeal had been cancelled in error. However, Lucas later cancelled the appeal again.

Plaintiff states on April 21, 2019, Anderson cancelled his appeal. (ECF No. 12 at 5.) Plaintiff resubmitted the same appeal on May 23, 2018 and explained that the resubmitted appeal was a staff complaint against Lucas and was not related to the unknown female correctional officer. It was recognized that plaintiff's appeal had been cancelled in error, but the appeal was later canceled again. He alleges the appeal was purposely stifled to delay the process.

Plaintiff seeks an investigation to determine the identity of the female correctional officer who failed to show her identification and would like action taken against her. (ECF No. 12 at 6.) He also seeks compensation for the violation of his rights.

### III. Does Plaintiff State a § 1983 Claim?

At the outset the court notes that plaintiff's original complaint was dismissed because it was not clear from the face of the complaint whether plaintiff had exhausted administrative remedies. (ECF No. 9.) Plaintiff has devoted a considerable portion of the amended complaint explaining his efforts to exhaust administrative remedies. In the amended complaint it is unclear whether plaintiff's underlying claim is based on the incident involving the unidentified female officer or the handling of his grievances challenging the incident. The undersigned has endeavored to address any possible claim presented in the amended complaint as set forth below.

In any amended complaint, plaintiff should indicate which claims have been administratively exhausted. However, in the body of the complaint he should clearly state whether his claim is based on the actions of the officer who failed to identify herself and the subsequent response from fellow officers or the response to his grievance.

### A. Failure to Show Identification

Plaintiff has alleged the unidentified female officer violated his rights by failing to show him her identification. (ECF No. 12 at 4, 5.)

////

4

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  In order "[t]o state a claim under § 1983 plaintiff must allege that (1) he was deprived of a right secured by the Constitution or federal law; and (2) the defendant acted 'under color of state authority' in depriving the plaintiff of this right." Franklin v. Terr, 201 F.3d 1098, 1100 (9th Cir. 2000).  To the extent plaintiff's claim in this action is based on the female correctional officer's failure to show identification, such an allegation does not show a violation of a Constitutional right and therefore cannot state a § 1983. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) ("To the extent that the violation of state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal constitution, Section 1983 offers no redress.") (quotation and citation omitted). Violations of state law or policy do not rise to the level of a constitutional violation, and thus, fail to state a claim under § 1983.  Id.

Plaintiff has not identified a specific Constitutional right or federal law implicated by the officer's failure to show her identification.  Accordingly, that action cannot support a § 1983 claim.

**B.  No Right to Specific Grievance procedure**

Plaintiff has identified Lucas as a defendant in this action based on his response to plaintiff's grievance seeking information on the identity of the unknown female officer. (ECF No. 12 at 3.)  Plaintiff appears to allege that Lucas violated his rights based on his handling of the grievance.  However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (actions in reviewing an inmate's grievance generally cannot serve as the basis for

liability under § 1983); Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) (ruling against an inmate in a grievance does not cause or contribute to a rights violation). Accordingly, plaintiff's allegations regarding Lucas' handling of his grievance fails to state a § 1983 claim.

### C. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

#### 1. Excessive Force

The use of force is constitutional if used to keep or restore order in the prison; it is unconstitutional if used maliciously or sadistically for the very purpose of causing harm. Id. at 320-21 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition of *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (citations and quotations omitted).

Among unnecessary and wanton inflictions of pain are those that are totally without penological justification, Hope v. Pelzer, 536 U.S. 730, 737 (2002) (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)) (quotation marks omitted), and punitive treatment which amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment, Id. at 738 (quotation marks omitted). However, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Hudson, 503 U.S. at 6 (ellipsis in original) (citation omitted).

Plaintiff alleges officers Orozco and Hernandez attacked him. (ECF No. 12 at 4.) However, he has not provided any additional facts explaining the facts surrounding this incident. An allegation that officers attacked him without provocation could state an Eighth Amendment claim. Plaintiff's conclusory allegation that he was attacked lacks facts indicating what led to the attack and therefore, the allegations fail to state an Eighth Amendment claim. In any amended complaint, plaintiff must provide additional facts explaining what led to the attack.

### 2. Deprivation of Food

Prison officials are required to provide inmates with adequate food, clothing, shelter, sanitation, medical care, and personal safety. Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). When evaluating whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, the courts consider the circumstances, nature, and duration of the deprivation. The more basic the need the short the amount of time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water, or sanitation over an extended time are sufficiently serious to state an Eighth Amendment claim. Id. at 732-33.

An isolated incident of staff depriving an inmate of a meal does not rise to the level of a constitutional violation. See Foster v. Runnels, 554 F.3d 807, 812 fn.1 (9th Cir. 2009). Plaintiff alleges the unidentified female officer refused to give him one meal. The complaint does not contain allegations showing that defendant refused to give him meals on any other occasion. Thus, to the extent plaintiff's claim is based on her denial to give him a meal on November 11, 2017 such an allegation fails to establish an Eighth Amendment violation.

### D. Verbal Harassment

Plaintiff alleges that the unidentified female officer called plaintiff a "rat piece of shit." (ECF No. 12 at 4.) Most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment. See, e.g., Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003) ("insulting or disrespectful comments" are generally do not rise to the level of adverse action taken against an inmate to support a retaliation claim); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); Purcell v. Coughlin,

790 F.2d 263, 265 (2d Cir. 1986) (allegations that prison guards called him names was not sufficient to allege a constitutional violation); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983).

Thus, to the extent plaintiff alleges his rights have been violated by the officer's verbal statements, such actions do not rise to the level of a constitutional violation.

### E. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff alleges that the unidentified female correctional officer retaliated against him by failing to give him his breakfast. (ECF No. 12 at 4.) Such an allegation could potentially show that this officer took some adverse action against him. However, plaintiff's allegation fails to state a First Amendment claim because he has not alleged that the adverse action was taken because of plaintiff's engagement in protected activity. In any amended complaint, plaintiff should point to some protected activity, such as filing a grievance, that caused the prison official to take adverse action against him.

### IV. Amending the Complaint

As set forth above, the amended complaint fails to state a claim. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defenants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his

8

claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

# CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The first amended complaint (ECF No. 12) is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: January 8, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/ruiz0419.scrn2