UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. LUCAS, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-00419 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants denied him due process, retaliated against him in violation of his First Amendment rights, and denied him food in violation of his Eighth Amendment rights. For the reasons set forth below, the undersigned will be recommended that plaintiff's in forma pauperis status be revoked and this action be dismissed unless plaintiff fails to pay the full filing fee for this action.

////
////
////
////
////
////

1

## IN FORMA PAUPERIS STATUTE

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055. Dismissal for failure to state a claim is considered a strike for purposes of § 1915(g), regardless of whether the dismissal is with or without prejudice. Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1727 (2020).

## HAS PLAINTIFF ACCRUED THREE STRIKES?

Plaintiff has pursued a number of actions in this and other district courts. In 2020, Chief Judge Mueller determined in one of these cases that plaintiff had accrued three strikes prior to the filing of the complaint in that case. See Ruiz v. Woodfill, E.D. Cal. No. 2:20-cv-0205 KJM AC P (Orders filed Mar. 11, 2020 (ECF No. 8) and July 8, 2020 (ECF No. 17).) The cases held to be strikes were: (1) Ruiz v. McGuire, S.D. Cal. No. 3:16-cv-0388 AJB BLM (complaint dismissed with leave to amend for failure to state a claim; case dismissed on May 9, 2016, for failure to file an amended complaint); (2) Ruiz v. Curry, E.D. Cal. No. 1:17-cv-1454 DAD SAB (case

2

dismissed for failure to state a claim on May 30, 2018); and (3) Ruiz v. Curry, 9th Cir. No. 19-16456 (appeal dismissed as frivolous on November 22, 2019).

The first and second of these cases were dismissed before the complaint in the present case was filed. These two cases apply to the present case as strikes for purposes of § 1915(g). The appellate case found to be a strike by Chief Judge Mueller was dismissed after the filing of the present action. However, the district court also dismissed that same action for failure to state a claim in Ruiz v. Curry, E.D. Cal. No. 1:17-cv-01407 DAD SKO (case dismissed for failure to state a claim on February 25, 2019).[1] Due to the fact that this case was dismissed for failure to state a claim, it is a strike for purposes of § 1915(g). Accordingly, plaintiff accrued three strikes prior to filing this case. As § 1915(g) does not constitute an affirmative defense, the district court is permitted to revoke a plaintiff's in forma pauperis status sua sponte. Owens v. Soto, No. CV 16-3577, 2017 WL 626369, at *2 (C.D. Cal. 2017) (citing Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005)); Reynolds v. Chalmers, 3:20-cv-02081, 2021 WL 2665441, at *1 (S.D. Cal. 2021). The plaintiff may not proceed unless he can show he was "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g).

## IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v.

---

[1] The court may take judicial notice of federal court records. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). On its own motion, the court takes judicial notice of Ruiz v. Curry, E.D. Cal. No. 1:17-cv-01407 DAD SKO and the February 25, 2019 order dismissing the action for failure to state a claim.

1  Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm
2  are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the
3  "imminent danger" exception is available "for genuine emergencies," where "time is pressing"
4  and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).
5         In the present case, plaintiff alleges that his due process rights were violated during the
6  inmate grievance process and that his appeals were denied in retaliation for the filing of
7  grievances.  (ECF No. 17 at 3-4.)  Plaintiff also alleges that in 2017 he was denied food by an
8  unknown female correctional officer.  (Id. at 7.)
9         In his complaint, plaintiff makes no allegation of imminent danger of serious physical
10 injury.  See Andrews, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints
11 which make "a plausible allegation that the prisoner faced 'imminent danger of serious physical
12 injury' at the time of filing.").  Therefore, he does not establish an exception to the three-strikes
13 rule of § 1915(g).
14        As plaintiff accrued three strikes prior to the filing of this action and plaintiff does not
15 establish a section to § 1915(g) the court will, on its own motion, revoke plaintiff's in forma
16 paperis status.
17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

4

**CONCLUSION**

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis status be revoked; and

2. Plaintiff be ordered to pay the full filing fee for this action ($402) within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 20, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/ruiz0419.revokeifp