UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:19-cv-0419 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| A. LUCAS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed two motions in which he requests the appointment of counsel and for a court-appointed interpreter. (ECF Nos. 22, 23.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

////

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's motions are written almost entirely in Spanish and are largely similar.[1] In these motions, plaintiff states that he does not speak English and has no legal training. (ECF No. 22 at 1; ECF No. 23 at 1.) He also argues that, as a result of plaintiff not having an attorney or interpreter, the court made a mistake in determining that he accrued three strikes prior to filing this action. (ECF No. 23 at 1-3.) Plaintiff argues that exceptional circumstances exist as plaintiff does speak or write English and has used the assistance of other inmates to respond to previous orders. (Id. at 3.)

In the present case, the court does not find the required exceptional circumstances. As this action is still at the screening stage, it is not possible for the court to determine plaintiff's likelihood of success on the merits of his claims. Additionally, plaintiff's claims are relatively simple, consisting of what appears to be three established constitutional claims against three defendants. (See ECF No. 17.) There is also no reason to doubt plaintiff's ability to litigate this action without the assistance of an attorney. Plaintiff has, thus far, successfully articulated his claim to the court. (See Id.) Though plaintiff has indicated that he is unable to effectively speak or write English, plaintiff's previous filings with the court indicate that plaintiff is fully capable of articulating his claim. Given the inability of the court to evaluate the likelihood of plaintiff's success on the merits, the relative simplicity of the legal issues which appear to be involved in this case, and plaintiff's apparent ability to articulate his claims, the exceptional circumstances necessary to request the voluntary assistance of counsel do not exist. See Wilborn, 789 F.2d at 1331; Weygandt, 718 F.2d at 954. As such, plaintiff's request for the appointment of counsel will be denied

The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for interpreters. See 28 U.S.C. § 1915.

---

[1] In ruling on this motion, the court has attempted to translate the portions of plaintiff's motion that are in Spanish so as to consider plaintiff's motion in its entirety.

2

As such, plaintiff's request for an interpreter will also be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel and for an interpreter (ECF Nos. 22 & 23) are denied.

Dated: January 12, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/ruiz0419.31+31c